IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILL LIETZKE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BIRMINGHAM, Et Al; and PATRICK D. SMITH, Chief;<br><br>Defendants. | 4:19CV3091<br><br>MEMORANDUM AND ORDER |

This matter is before the court upon Plaintiff Bill Lietzke's ("Plaintiff" or "Lietzke") Motion to Proceed in Forma Pauperis ("IFP"). (Filing No. 2.) Lietzke's IFP motion is unsigned, and he has failed to correct the signature deficiency as directed by the Clerk of the Court. (*See* Text Notice of Deficiency, Doc. No. 6.) Notwithstanding the signature deficiency, having considered the motion and reviewed the pleadings in this matter, the court finds that this lawsuit should be dismissed for lack of venue.

## I. BACKGROUND

Lietzke's Complaint alleges claims against the City of Birmingham, Chief Patrick D. Smith, and, liberally construed, "four (4) unidentified, unspecified black male Defendants, Birmingham Greyhound Lines terminal Defendants and City of Birmingham Defendants"[1] for violations of his constitutional rights. (Filing No. 1.) Lietzke alleges that on or about April 20, 2018, upon his arrival at the Birmingham, Alabama Greyhound Lines terminal, Defendants "procured the

---

[1] *See Miller v. Hedrick*, 140 Fed. App'x 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).

harassment, the unlawful arrest, the unlawful violation of the personal liberty, and the subsequent false imprisonment of Plaintiff Bill Lietzke." (*Id.* at CM/ECF p. 3.) Lietzke seeks $2.0 billion in "Actual, Punitive, and Compensatory Damages," assessment of $20 million in fines against all Defendants, and 10 years' imprisonment of all Defendants in a maximum security federal or state prison. (*Id.* at CM/ECF p. 5.)

Lietzke has filed complaints with nearly identical allegations on at least four other occasions. These complaints were filed with courts in Alabama, Alaska, Montana, and Oregon and were all dismissed. *See Lietzke v. City of Montgomery, et al.*, No. 2:18-CV-00469-MHT-GMB, 2018 WL 4677837, at *6–8 (M.D. Ala. Aug. 8, 2018) (recommending dismissal of complaint on the merits), *adopted in part*, 2018 WL 4030696, at *1 (M.D. Ala. Aug. 23, 2018) (magistrate judge's recommendation adopted, except for recommendation to consolidate Plaintiff's fifteen other cases); *Lietzke v. City of Birmingham, et al.*, No. 3:19-CV-00104-TMB (D. Alaska June 11, 2019) (dismissing complaint for lack of personal jurisdiction, improper venue, and frivolity); *Lietzke v. City of Birmingham, et al.*, No. 9:19-CV-00061-DLC (D. Mont. May 10, 2019) (summarily dismissing complaint and designating Plaintiff a vexatious litigant); *Lietzke v. City of Birmingham, et al.*, No. 3:19-CV-00561-SB (D. Ore. July 10, 2019) (dismissing complaint for improper venue, lack of personal and subject matter jurisdiction, and as duplicative and malicious).

## II. DISCUSSION OF CLAIMS

Venue is generally governed by 28 U.S.C. § 1391, which provides, in pertinent part, that a civil action may be brought in (1) a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred; or (3) any judicial district in which any defendant is subject to the court's personal jurisdiction if there is no district in which an action may otherwise be brought. Pursuant to 28 U.S.C. § 1406, if a plaintiff files a

case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether dismissal or transfer is in the interests of justice is committed to the sound discretion of the district court." *Poku v. F.D.I.C.*, 752 F. Supp.2d 23, 26–27 (D.D.C. 2010) (quotation omitted).

Here, Lietzke alleges that this court has both federal question jurisdiction and diversity of citizenship jurisdiction. (Filing No. 1.) However, from the face of the Complaint, it is clear that venue is improper in the District of Nebraska. None of the events described in the Complaint occurred in Nebraska, the Complaint suggests that Defendants reside in Alabama,[2] and Lietzke resides in Alabama.

Because the court has concluded that venue is improper, the court must either dismiss this case or transfer it to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). The court finds dismissal without prejudice is the more appropriate action in this case. An initial review of Lietzke's Complaint raises serious concerns regarding the merit of Lietzke's claims as his Complaint contains only bare, conclusory allegations without any supporting facts to plausibly suggest that Defendants are liable for any misconduct. *See* 28 U.S.C. § 1915(e)(2) (requiring a court to review in forma pauperis complaints and dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief). In this regard, the court takes judicial notice of the fact that the U.S. District Court for the Middle District of Alabama dismissed a nearly identical complaint on the merits and, thus, Leitzke's continued litigation of his claims would appear to be duplicative and frivolous. *See Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) (district courts may dismiss

---

[2] While Lietzke asserts that "the County of Residence of the Defendants is unidentified and unknown to the Plaintiff," (filing no. 1 at CM/ECF p. 1), there is absolutely no indication that any of the Defendants reside in Nebraska nor can the court reasonably infer that any Defendants reside within Nebraska from the Complaint's allegations.

duplicative complaints under 28 U.S.C. § 1915 as frivolous). Further, the court has no reason to believe that Lietzke's claims are subject to a rapidly-approaching statute of limitations deadline. Also, Lietzke should have realized prior to filing the Complaint that Nebraska was an improper venue, especially in light of his other cases based on the same fact pattern. *See* [Weldon v. Ramstad-Hvass, 512 Fed. Appx. 783, 798 (10th Cir. 2013)](#) (stating that the factors a court should consider in evaluating whether transfer is appropriate are (1) whether the new action would be time-barred; (2) whether the plaintiff's claims have merit; and (3) whether the plaintiff should have realized the chosen forum was improper). Accordingly, Lietzke's action will be dismissed.

IT IS THEREFORE ORDERED that:

1. This case is dismissed without prejudice to reassertion in the proper forum.

2. Judgment will be entered by separate document.

3. Plaintiff's Motion to Proceed In Forma Pauperis ([Filing No. 2](#)) is denied as moot.

Dated this 22nd day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge